REED–ALLEN REALTY CO. et al. v. SPENCER.

(Court of Civil Appeals of Texas. San Antonio. June 14, 1911. Rehearing Denied June 30, 1911.)

VENDOR AND PURCHASER (§ 343*)—CONTRACT—BREACH—RIGHT OF ACTION.

Where defendants contracted December 5, 1908, to convey a fee-simple title to certain land to plaintiff, and to give plaintiff immediate possession, their failure to perfect the title until May 1, 1909, did not give plaintiff the right to recover damages for loss of the use of the premises in the meantime, in the absence of anything preventing plaintiff from taking immediate possession and using the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. § 343.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by H. H. Spencer against the Reed-Allen Realty Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. W. Moore, for appellants. Del W. Harrington, for appellee.

NEILL, J. H. H. Spencer sued Reed-Allen Realty Company, a corporation, and O. O. & E. C. Reed, alleging as his cause of action: That on December 5, 1908, defendants sold him 320 acres of land in Dallam county, Tex., described as the east half of section No. 53, block 1, Brooks & Burleson, grantees, and agreed with him that said land should be conveyed to him immediately in fee simple, free and clear of all incumbrances of whatsoever nature. That plaintiff, in pursuance of said contract, paid to defendants the full amount of the purchase money, $5,600, whereupon, according to the terms of said contract, plaintiff was to have immediate possession of the land together with all the rights and benefits thereto. That at the time defendants sold said land to plaintiff they represented to him that they would deliver clear title and possession thereof to him within a reasonable time. That thereafter, on January 9, 1909, plaintiff learned that the land was greatly incumbered, and that no steps had been taken by defendants to perfect the title to the same, and that, by reason of the failure of defendants to clear the title, he was deprived of entering upon the same and making such improve-

ments as were necessary to enable him to cultivate the land and enjoy the benefits and privileges thereof. That on January 22, 1909, defendants entered into a verbal agreement with plaintiff, by the terms of which they promised to pay him a sum of money equal to his loss on account of their failure to perfect the title to said land and deliver the same unincumbered within a reasonable time after said purchase. That defendants did not perfect the title to said land until about May 1, 1909, when it was too late for him to go upon the land and put in a crop and have the use of the land for the crop season of 1909. That, by reason of defendants' failure to perfect title to said land within a reasonable time and deliver plaintiff the possession thereof free and unincumbered, he has been greatly damaged, and that, although the defendants agreed to remunerate him for all such damage and loss as he should sustain by reason of such delay, though often requested, they have failed and refused so to do. That plaintiff's damages consist of the following items: "Loss of time for four months' time, from January 9, to May 1, 1909, four hundred dollars; expenses, two hundred dollars, attorney's fees, one hundred and fifty dollars; loss of the use of said land for the crop season of 1909, one thousand dollars." The petition concludes with a prayer for $1,750, for costs and such other relief, general and special as he may in law or equity be entitled to. No answer of the defendants appears in the record before us. But it does appear that certain exceptions taken to plaintiff's petition were considered by the court and sustained. The case was tried by the court in the absence of the defendants and judgment rendered in favor of the plaintiff against them for $600, and an attachment lien on certain of defendants' property foreclosed. A motion for a new trial was filed during the term and overruled.

The assignments of error complain of the court's overruling the motion for a new trial. They are well taken. Aside from the evidence, the petition shows no cause of action whatever. It fails to allege a single fact or circumstance that in the least tends to show that the plaintiff was in any manner prevented from going on the land and commencing to use, cultivate, and enjoy the same, as soon as he bought it from the defendants. And, when the evidence is looked to, it affirmatively appears that there was nothing that could hinder him from at once taking full possession and making every use of the land to which it was adapted. Instead of doing so, he deliberately sat down and commenced to speculate on his own inaction, while he did nothing save nurse a damage suit for 12 months, when there was not a germ generated from the whole transaction that could be so coddled into life as to bear

an action for such damages as he claimed in his petition and as were awarded him by the judgment.

The judgment is reversed, and the cause remanded.